**FORMER EMPLOYEES OF ROCKY MOUNTAIN REGION OFFICE OF TERRA RESOURCES, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 87–09–00923.**

United States Court of International Trade.

May 23, 1989.

Daniel V. Varhus, pro se.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice

Platte B. Moring, III, Washington, D.C., for defendant.

## OPINION

TSOUCALAS, Judge:

Daniel V. Varhus, on behalf of the former employees of the Rocky Mountain Region Office of Terra Resources, Inc., contests the Secretary of Labor's denial of certification of eligibility to apply for trade adjustment assistance benefits under the Trade Act of 1974, 19 U.S.C. §§ 2271–2322, 2395 (1982 & Supp. V 1987). Defendant seeks dismissal for lack of jurisdiction because the *pro se* summons and complaint were filed sixty-one days after the Secretary published the notice of his negative determination in the Federal Register, one day beyond the statute of limitation prescribed in 19 U.S.C. § 2395(a). Since defendant's reading of this statute has the support of our appellate court, this Court is compelled to dismiss the present action on the grounds of lack of jurisdiction.

Terra Resources, Inc., headquartered in Tulsa, Oklahoma, engages in the exploration, production, and sale of crude oil and natural gas. Following company-wide layoffs on June 30, 1986, Frank Draney, a representative of Terra Resources, petitioned the Secretary of Labor to obtain certification of eligibility for trade adjustment assistance for thirty-three oil and gas professionals who were discharged from the Rocky Mountain Region Office of Terra Resources. A group of workers whose unemployment is trade-caused may be eligible to apply for adjustment assistance if the Secretary determines, after investigation, that three criteria under 19 U.S.C. § 2272 are met.[1]

The Secretary's investigation revealed that Terra Resources' sales and production of oil and gas increased during the pertinent period, thereby failing to meet the second element under 19 U.S.C. § 2272.[2] Based on this information, the Secretary denied the former employees eligibility to apply for adjustment assistance. The Secretary's negative determination was published on July 9, 1987 in the Federal Register. 52 Fed.Reg. 25,930.

By letter filed September 9, 1987, Daniel V. Varhus, on behalf of the displaced employees, sought review of the Secretary's denial of certification. The Office of the Clerk of the United States Court of International Trade (USCIT) deemed the letter to constitute a summons and complaint. The complaint principally attacks the accuracy of unemployment figures and sales and production data which Terra Resources supplied for the Secretary's consideration. This Court is bound by precedent and concludes that the instant action is time barred because this action expired on September 8, 1987.[3]

An action challenging the Secretary's final determination under 19 U.S.C. § 2272 must be commenced within sixty days after notice of such determination. 19 U.S.C. § 2395(a). Section 2395(a) does not specify whether the statute of limitation runs from the date of actual or constructive notice.

1. The statute reads:

   The Secretary shall certify a group of workers as eligible to apply for adjustment assistance under this part if he determines—

   (1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,

   (2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and

   (3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

2. *See* the Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418, § 1421, 102 Stat. 1107, 1242–44 (1988) for an exposition of the third element under 19 U.S.C. § 2272 as it applies to oil and gas workers.

3. A straight counting of the days between the date of publication of the negative determination and filing of a summons and complaint on September 9, 1987 yields sixty-two days. However, defendant avers that because September 7, 1987 was Labor Day, the Rules of the USCIT would have permitted a timely filing of the summons and complaint on September 8, 1987. *See* Rule 6(a) of the Rules of the USCIT.

The applicable regulation states that constructive notice, or publication in the Federal Register, is sufficient for purposes of the statutory notice requirement. *See* 29 C.F.R. § 90.19(a) (1988). In construing these statutory and regulatory provisions, the United States Court of International Trade concluded that with regard to *pro se* petitioners, the statute of limitation does not start to run until the date of receipt of actual notice. *See Kelley v. Secretary, U.S. Dep't of Labor,* 9 CIT 646, 626 F.Supp. 398 (1985) (citations to remand opinions omitted). In fashioning a stricter notice requirement where *pro se* petitioners are involved, *Kelley* recognized that it is onerous to place the burden on those who are not represented by counsel to "constantly search the Federal Register for the final determination of the Secretary of Labor for months beyond the sixty days within which such determination is due under the statute." *Id.* at 648, 626 F.Supp. at 400.

The Court of Appeals for the Federal Circuit reversed *Kelley,* declaring that the sixty-day constructive notice rule applies even to *pro se* petitioners. *Kelley v. Secretary, U.S. Dep't of Labor,* 812 F.2d 1378 (Fed.Cir.1987). It was adjudged that protecting the sovereign's interests warrants strict construction of statutes of limitation. The ruling was followed in several opinions of the USCIT. *See, e.g., Former Employees of ITT v. Secretary of Labor,* 12 CIT ——, slip op. 88–121, 1988 WL 95919 (Sept. 12, 1988); *Former Employees of Geosearch, Inc. v. United States,* 11 CIT ——, slip op. 87–144, 1987 WL 32713 (Dec. 30, 1987).

The weight of precedent demands dismissal of the present action. Dismissal is executed with regret, however, because the law which this Court is entrusted to enforce has an unduly harsh effect on dislocated *pro se* petitioners who may have limited means to become aware of the Secretary's decisions. This Court additionally doubts the extent to which unemployed individuals will have success in mobilizing Congress to change the law which has an onerous effect on them. The adversarial underpinning of our legal system presumes relative equality in access to legal services. Excessive disparity in the litigants' ability to secure legal representation dilutes the strength of our system of law. The *ex parte* nature of the certification process, the remedial purpose of the trade adjustment assistance program, and the Congressional intent under the Trade Act of 1974 to liberalize the availability of adjustment assistance deserve serious judicial inquiry. A law which does not address these considerations in an equitable and judicious manner may contribute to an erosion of confidence in the system. This Court cannot say the governing law in the instant action satisfactorily exhibits concern for this issue.

However, this Court is bound to follow the appellate court's pronouncements. This action is hereby dismissed.