FORMER EMPLOYEES OF MALAPAI RESOURCES CO., PLAINTIFFS *v.* ELIZABETH DOLE, SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR, DEFENDANT

Court No. 90–08–00416

(Decided February 5, 1991)

*Tim Colbert, pro se*, for plaintiffs.

*Stuart M. Gerson*, Assistant Attorney General, *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, (*Jane E. Meehan*), *Scott Glabman*, United States Department of Labor, of counsel, for defendant.

## OPINION

RESTANI, *Judge*: Plaintiffs filed this action appealing a final determination by the Secretary of Labor denying certification for trade adjustment assistance benefits under 19 U.S.C. § 2272 (1988). The government moves to dismiss this action pursuant to Rule 12(b) of the Rules of this court on the basis that plaintiffs commenced this action more than sixty days after notice of the negative final determination was published in the Federal Register. For the following reasons the court finds that plaintiffs' action is barred under 28 U.S.C. § 2636(d) (1988).

## BACKGROUND

On February 14, 1990, the former employees of Malapai Resources Company ("Malapai") filed a petition with the Department of Labor ("Labor") requesting certification of eligibility for trade adjustment assistance benefits. The Wyoming Operations of Malapai consist of the Christenson Ranch and Irigaray Mines. Malapai engages in the mining and sale of uranium. Petitioners argued that they were eligible for trade adjustment assistance because their unemployment was caused by increased imports of uranium.

A group of workers whose unemployment is caused by trade may be eligible to apply for adjustment assistance if the Secretary of Labor determines, after investigation, that the three criteria under 19 U.S.C. § 2272 are met. The statute provides that:

(a) The Secretary shall certify a group of workers * * * as eligible to apply for adjustment assistance under this part if he determines —

(1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,

(2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and

(3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial

separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272 (1988).

On April 23, 1990, after conducting an investigation, Labor denied plaintiffs' petition for certification of eligibility. Labor found that the last two of the three criteria required by the statute were not met. First, Labor concluded that United States imports of uranium declined in the first half of 1989 compared to the same period in 1988. Second, it was observed that Malapai's corporate-wide sales of uranium actually increased in 1989 compared to 1988. Lastly, the investigation provided evidence that production of uranium at the subject sites increased in 1989 compared to 1988. Based on these findings, Labor determined that all former workers of Malapai were denied eligibility for adjustment assistance.

Labor informed petitioners of the negative determination in letters to each individual petitioner, dated April 25, 1990. Each letter referred the recipient to an enclosed pamphlet which provided information regarding both the filing of requests for reconsideration and the request for judicial review of the agency decision. On May 3, 1990, Labor's final determination was published in the Federal Register. *See* Determinations Regarding Eligibility To Apply for Worker Adjustment Assistance, 55 Fed. Reg. 18,687 (1990).

In a letter dated June 12, 1990, Tim Colbert, Malapai's Director of Marketing, took issue with Labor's conclusions and requested reconsideration of the denial of eligibility. In a letter dated July 13, 1990, Labor noted that Mr. Colbert's letter constituted an untimely request for reconsideration. Nevertheless, Labor did informally address the points raised by Mr. Colbert in an attempt to resolve the situation on its merits.

By letter dated August 10, 1990, Mr. Colbert requested judicial review of the final agency determination. The Clerk of this court deemed the letter to constitute a summons and complaint filed on August 13, 1990, the date of receipt.

### DISCUSSION

Petitioners are provided with a thirty-day time period in which to file a petition for rehearing. *See* 29 C.F.R. § 90.18(a)(1989). Failure to apply for reconsideration within this statutory period "terminates the administrative process, results in the original decision becoming the only final determination for purposes of appeal, and precludes Labor from further considering the matter." *Former Employees of Suttle Apparatus Corp. v. United States Secretary of Labor*, 13 CIT 511, Slip Op. 89–87 at 3 (June 23, 1989). In this case, Mr. Colbert's letter protesting the final determination clearly did not arrive within the prescribed time period and, therefore, the final determination for purposes of this action is that of May 3, 1990.[1]

---

[1]The court need not address the time periods for appeal in the case of a timely filed application for reconsideration.

This court has jurisdiction to review a final determination of the Secretary of Labor under § 223 of the Trade Act of 1974, 19 U.S.C. § 2273, which provides standards for eligibility of workers for adjustment assistance. *See* 28 U.S.C. § 1581(d)(1)(1988). Any civil action challenging Labor's determination, however, must be commenced within sixty days after notice of such determination. 19 U.S.C. § 2395(a)(1988). Publication in the Federal Register is deemed to provide petitioners with sufficient notice of such determination for the purpose of triggering the sixty day period. *See* 29 C.F.R. § 90.19(a)(1989).

In the case at bar, petitioners received constructive notice of the final determination when Labor published its decision in the Federal Register on May 3, 1990. Petitioners commenced their action in this court on August 13, 1990, a full one hundred two days after notice of the decision, forty two days after expiration of the statutory deadline. The sixty-day requirement is strictly construed and, therefore, petitioners' untimely action must be dismissed. *See, e.g., Kelley v. Secretary, U.S. Dep't of Labor*, 812 F.2d 1378 (Fed. Cir. 1987) (finding the sixty-day constructive notice rule applicable irrespective of various equities, including *pro se* status); *Former Employees of Rocky Mountain Region Office of Terra Resources, Inc., v. United States*, 13 CIT 427, 713 F. Supp. 1433 (1989) (dismissing petitioners' action because the *pro se* summons and complaint were filed sixty-one days after publication of the negative determination in the Federal Register); *see also Former Employees of Shuttle Apparatus Corp., supra* at 4; *Former Employees of ITT v. Secretary of Labor*, 12 CIT 823, Slip Op. 88–121, at 3 (Sept. 12, 1988) (citing *Kelley, supra*, the court noted that "the Court has no option but to dismiss" if the filing date is more than sixty days after publication of the determination).

Furthermore, the court notes that each petitioner received *actual* notice of the negative determination in the letters dated April 25, 1990. Thus, absent from this case are the concerns in such cases as *Former Employees of Rocky Mountain Region Office, supra* at 428–29, 713 F. Supp. at 1435, relating to the harsh effect on dislocated *pro se* petitioners who are charged with awareness of the determination as of the date of publication in the Federal Register. Here each petitioner received a letter informing him of the negative final determination and a pamphlet detailing further possible options. In this case there can be no doubt that petitioners failed to assert their rights in a timely manner.

Accordingly, this action is barred under 28 U.S.C. § 2636(d)(1988). The motion to dismiss is hereby granted.