Slip Op. 08-54

UNITED STATES COURT OF INTERNATIONAL TRADE

```
                              :
CONLIN GREENHOUSES,           :
                              :
              Plaintiff,      :
                              :
      v.                      :
                              : Before: Richard K. Eaton, Judge
UNITED STATES                 :
SECRETARY OF AGRICULTURE,     : Court No. 06-00441
                              :
              Defendant.      :
                              :
                              :
```

OPINION

[Plaintiff's motion for judgment on the agency record denied, defendant's motion to dismiss granted and case dismissed.]

Dated: May 20, 2008

*Steven D. Schwinn,* for plaintiff.

*Gregory G. Katsas,* Acting Assistant Attorney General; *Jeanne E. Davidson,* Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Marla T. Conneely*); Office of the General Counsel, United States Department of Agriculture (*Jeffrey Kahn*), of counsel, for defendant.

Eaton, Judge: Plaintiff[1] seeks judicial review of the United States Department of Agriculture's ("Agriculture," or the "Department") denial of its application for cash benefits under the Trade Adjustment Assistance for Farmers ("TAA") program. 19

---

[1] It does not appear that plaintiff "Conlin Greenhouses" is incorporated. Thus, for purposes of this opinion, it is assumed that John and Susan Conlin are the plaintiffs and are referred to as "the Conlins" or the plaintiff.

U.S.C. § 2401e (2002);  Pl.'s R. 56.1 Mot. J. Agency R. ("Pl.'s Mot.").  Defendant moves to dismiss the complaint, pursuant to USCIT Rules 12(b)(1) and 56.1, for lack of subject matter jurisdiction, or, in the alternative, for the court to enter judgment in its favor.  Def.'s Mot. Dismiss ("Def.'s Mot."); *see also* Pl.'s Resp. Mot. Dismiss ("Pl.'s Resp.").  For the following reasons, the court grants the Department's motion to dismiss and denies plaintiff's motion for judgment upon the agency record.

                         STANDARD OF REVIEW

Because it seeks to invoke the court's jurisdiction, plaintiff has the burden of proving jurisdiction by a preponderance of the evidence.  *Former Employees of Siemens Info. Commc'n Networks, Inc. v. Herman*, 24 CIT 1201, 1202, 120 F. Supp. 2d 1107, 1108 (2000) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).

                            DISCUSSION

According to the record, John and Susan Conlin grew snapdragons at the Conlin Greenhouses in Indianapolis, Indiana, until the business ceased operations in December of 2003.  *See* Application for TAA, Conlin Greenhouses, Johnnie, Susan Conlin, dated April 26, 2006, Admin. R. ("AR") 3; Pl.'s Mot. 13; Letter

dated December 8, 2006 from James E. Barbour to Susan Conlin, Compl. Att. 2 at 1.  Thereafter, they sought to receive benefits under the TAA program, as compensation for their losses. Petitioning for TAA benefits is a two-step process.  In the first step, a group of producers, or their authorized representative, files with the United States Secretary of Agriculture (the "Secretary") a "petition for a certification of eligibility to apply for adjustment assistance."  19 U.S.C. § 2401a(a).  If the Secretary certifies the group petition, individual producers covered by the group certification may then apply for TAA benefits.  19 U.S.C. § 2401e(a)(1); 7 C.F.R. § 1580.301 (2003).

In this case, in November 2005, a petition for certification was filed on behalf of the Indiana Flower Growers Association. Pl.'s Mot. 5.  In February 2006, the group certification was approved.  Pl.'s Mot. 5.  Thereafter, the Conlins applied for TAA benefits.  Pl.'s Mot. 5.  On October 3, 2006, the Conlins learned that they had been denied TAA benefits when they received a letter, dated September 7, 2006, from the Department.  Pl.'s Mot. 6;  Letter dated Sept. 7, 2006, from Robert H. Curtis, Dir., Import Policies and Program Div., Int'l Trade Policy, Foreign Agric. Serv., United States Dep't of Agric. to Conlin Greenhouses, AR 14 at 1 (the "Denial Letter").  The letter stated "the Foreign Agriculture Service has disapproved your 2006 Indiana Fresh Cut Snapdragons marketing year application for a

cash benefit under the Trade Adjustment Assistance for Farmers program (TAA)." Denial Letter, AR 14 at 1.  In addition, the letter advised the Conlins of their right to judicial review of the determination in this Court, noting that "[a]ppeals to the Court must be filed within 60 days from the date of this letter." Denial Letter, AR 14 at 2.[2]  Thus, on October 3, 2006, the Conlins had both notice of the Department's final determination and the sixty-day time limit for filing suit.

On December 10, 2006, Susan Conlin initiated this suit by sending a letter addressed to the Clerk of the Court, via certified mail.  Letter dated December 8, 2006 from Susan Conlin to Office of the Clerk, USCIT ("Compl.").  The Clerk of the Court deemed the letter to be a summons and complaint, filed on the postmarked date. *See* USCIT Rule 5(e); Letter dated December 18, 2006 from Office of the Clerk, USCIT, Donald C. Kaliebe, Case Management Supervisor, to Susan Conlin, at 1.  Thus, suit was commenced sixty-eight days after receiving notice of the Department's final determination.  Plaintiff does not dispute that it brought its suit more than sixty days after receiving notice.  *See generally* Pl.'s Resp.  Plaintiff does argue, however, that because the defendant failed to raise the

---

[2]    Although the letter indicates that the sixty-day statute of limitations begins to run "from the date of this letter," the statute only states that suit must be brought "within sixty days after notice of" a final determination.  19 U.S.C. § 2395(a).

limitations period in its answer, it has waived any affirmative defense predicated upon the statute of limitations.  Pl.'s Resp. 1.

Under well-established law, a statute of limitations defense is an affirmative defense, and is waived if it is not pleaded in the answer.  USCIT R. 8(d); *Parkdale Int'l Ltd. v. United States*, 31 CIT __, __, 508 F. Supp. 2d 1338, 1348-1349 n. 6 (2007).  It is equally well-settled, however, that a time limitation that is a condition of the court's jurisdiction cannot be waived and thus can be raised at any time.  *United States v. Hitachi America Ltd.*, 172 F.3d 1319, 1334 (Fed. Cir. 1999) ("if [a statute of limitations] is 'jurisdictional' in nature, it cannot be waived by the parties under any circumstances. . . ."); USCIT Rule 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  Accordingly, the question of the court's jurisdiction to consider plaintiff's claim turns on whether the sixty-day limitations period imposed by 19 U.S.C. § 2395(a) is jurisdictional in nature.

This question must be answered in the affirmative, and requires plaintiff's claim to be dismissed.  The Court of Appeals for the Federal Circuit has held that the sixty-day filing

deadline contained in 19 U.S.C. § 2395(a)[3] is a "jurisdictional

requirement."  *Kelley v. Secretary, United States Dep't of Labor*,

812 F.2d 1378, 1380 (Fed. Cir. 1987) ("*Kelley*").[4]  *Kelley* further

characterized the conditions imposed by 19 U.S.C. § 2395(a) as

"the terms upon which the United States has consented to be

sued," and stated that a petitioner's failure to observe the

sixty-day filing deadline would leave "the court [without]

jurisdiction to entertain the suit."  *Id.* (citation and

quotations omitted).

It is noteworthy that the plaintiff in *Kelley* was held to

have received constructive notice pursuant to the regulations

governing workers seeking trade adjustment assistance from the

Department of Labor, i.e., notice by publication in the Federal

Register.  By way of contrast, the Conlins had actual notice of

---

[3]     "[A]n agricultural commodity producer (as defined in
[19 U.S.C.] § 2401(2) of this title) aggrieved by a determination
of the Secretary of Agriculture under [19 U.S.C.] § 2401b of this
title. . . may within sixty days after notice of such
determination, commence a civil action in the United States Court
of International Trade for review of such determination."  19
U.S.C. § 2395(a).

[4]     Agricultural commodity producers became entitled to
receive trade adjustment assistance and to seek judicial review
of any final determination in this Court effective August 6,
2002, subsequent to the *Kelley* decision.  *See* Trade Act of 2002,
§ 141, Pub. L. No. 107-210, 116 Stat. 933, 953 (2002).  There is
no indication that the addition of "agricultural commodity
producer[s]" to those who may seek review under 19 U.S.C.
§ 2395(a) changes the basic holding in *Kelley*.

denial of benefits when they received the Denial Letter on October 3, 2006. *See* Denial Letter. In other words, in this case there is no question, as there was in *Kelley*, regarding the notice necessary to start the running of the sixty-day limitations period.

Consequently, the court finds that the sixty-day statutory period for challenging Agriculture's final determination cannot be waived, and the Department may properly assert the statute of limitations by way of a motion to dismiss. *See*, *e.g.*, *Former Employees of Rocky Mountain Region Office of Terra Res., Inc. v. United States*, 13 CIT 427, 713 F. Supp. 1433 (1989) (no jurisdiction over suit brought by *pro se* petitioners sixty-one days after receiving notice); *see also Washko v. Donovan*, 4 CIT 271, No. 82-9-01333 (December 28, 1982) (not reported in the Federal Supplement); *Brunelle v. Donovan*, 3 CIT 76, No. 81-10-01453 (March 23, 1982) (not reported in the Federal Supplement). Because plaintiff failed to begin its case in the time required by statute, the court has no jurisdiction to hear its claims.

CONCLUSION

Based on the foregoing, the court grants defendant's motion to dismiss for lack of subject matter jurisdiction and denies plaintiff's motion for judgment upon the agency record.  Judgment shall be entered accordingly.


                                /s/ Richard K. Eaton
                                Richard K. Eaton


Dated:     May 20, 2008
           New York, New York